OAO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
V.

EVELYN HUBBARD

CRIMINAL COMPLAINT

Case Number: 11-155 MAG

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about November 17, 2011 (Date) in Orleans Parish County, in the Eastern District of Louisiana defendant(s) did,

(Track Statutory Language of Offense)

transmit in interstate commerce a communication containing a threat to injure the person of another

in violation of Title 18 United States Code, Section(s) 875(c).

I further state that I am a(n) FBI Special Agent (Official Title) and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

_____
Signature of Complainant

Special Agent Kevin Miller
Printed Name of Complainant

Sworn to before me and signed in my presence,

| 12/9/2011 | | at | New Orleans | Louisiana |
| Date | | | City | State |

Honorable Sally Shushan | U.S. Magistrate Judge | | _____ |
Name of Judge | Title of Judge | | Signature of Judge |

## AFFIDAVIT

1.      I, Kevin C. Miller, being duly sworn, do hereby dispose and state:

2.      That I am a Special Agent with the Department of Justice, Federal Bureau of Investigation (FBI), and have been so employed since February, 2009. For the past 28 months, I have been assigned to the FBI Joint Terrorism Task Force (JTTF).

3.      I am personally familiar with the facts and circumstances surrounding this investigation from my own investigative activities and from information obtained from other law enforcement officers with personal knowledge of the facts. The following information was obtained by me personally or has been provided to me by officers of the Loyola University Police Department.

4.      This affidavit is submitted for the limited purpose of securing a criminal complaint; therefore, I am not setting forth each and every fact known to me concerning this investigation. I am including what I believe are facts sufficient to establish probable cause for the complaint sought.

5.      As set forth below, I am conducting an investigation of the transmission in interstate or foreign commerce a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875.

6.      On November 17, 2011, the New Orleans JTTF received a complaint from Captain Roger Pinac of the Loyola University Police Department regarding two threatening emails the police department received.

7.      Both emails were sent from email address pinaa23@gmail.com. The name associated with the email address was Alexander PINA. The first email was received at the police@loyno.edu email address on November 17, 2011 at 9:00 a.m. The subject line of the email, written in capital letters read, "CLEAR THE FUCKING BUILDING!!!! BUT LEAVE 5." The body of the email, also written in all capital letters, read as follows:

8.      "I HAVE A 9X19MM MAMBA PISTOL WITH FIVE BULLETS IN IT FOR FIVE PROFESSORS IN MONROE HALL! I ADVISE YOU THAT IF YOU DONT WANT ANYONE ELSE TO FEEL MY FUCKING RATH YOU BETTER HAVE THAT BUILDING CLEARED BY 9:33AM TODAY! I HAVE NO SYMPATHY FOR ANY ACCIDENTAL CASUALTIES!!!!............WITH NO HESITATION"

9.      On November 17, 2011 at 9:27 a.m., police@loyno.edu received a second email, also from pinaa23@gmail.com. The subject line and content of the message were again, in all capital letters. The subject line read, "PUSHING IT!!!" The body of the email read as follows:

10.     "YOU ARE REALLY TRYING MY PATIENCE! I AM ON THE VERGE OF BLOWING THAT BITCH UP AND YOU'LL BE RENOVATING FROM THE FOUNDATION!"

11.     Information received from GOOGLE requesting records for the email address pinaa23@gmail.com revealed that the email address was created on November 17, 2011 at 14:34:43-UTC, which translates to 8:34:43 a.m. central time. The IP address from where the email address was created was 141.164.12.170. The email address was logged off on

November 17, 2011 at 14:37:22-UTC or 8:37:22 a.m. The email address was again logged in at IP address 141.164.12.181., on November 17, 2011 at 14:54:28-UTC, or 8:54:28 a.m. and logged out of the same IP address at 15:00:32-UTC or 9:00 a.m. The email address was again logged in at IP address 72.56.53.174 on November 17, 2011 at 15:24:31-UTC or 9:24:31 a.m. and logged out of the same IP address at 15:26:56-UTC or 9:26:56 a.m.

12. Captain Roger Pinac was informed by Loyola University campus IT department the IP addresses beginning with 141.164.12 are all assigned to Loyola University computers. Specifically, the IP address 141.164.12.170 is assigned to a stand alone computer labeled on the network, "SportsComplex.loyno.edu." The IP address 141.164.12.181 is assigned to a stand alone computer labeled on the network, "personaltrainer."

13. The IP address 72.56.53.174 was assigned to a SPRINT wireless device. Information received from SPRINT revealed that The IP address 72.56.53.174 was assigned to the user "mhubbard184," from 9:27:30-GMT through 16:58:54-GMT.

14. It was determined the email address pinaa23@gmail.com was created on the "SportsComplex.loyno.edu" computer. The first threatening email was sent from the "personaltrainer" computer. The second email was sent from the SPRINT device with the user identification "mhubbard184."

15. Employees of the athletic complex on the campus of Loyola University were interviewed at it was determined a limited number of employees had access to the two stand alone computers involved. Only one of the employees used SPRINT cellular service, Evelyn A. HUBBARD.

16. During an interview with HUBBARD, HUBBARD admitted her mother was the account holder for her SPRINT cellular telephone and her mother had the first initial "M." HUBBARD also admitted she had a test in Monroe Hall at 9:30 a.m. on November 17, 2011. HUBBARD admitted to sending both of the messages as "a joke." HUBBARD stated she and an unidentified friend came up with the name Alexander PINA, but HUBBARD did not know anyone named PINA.

17. HUBBARD admitted to creating the email account pinaa23@gmail.com on the computer labeled "SportsComplex.loyno.edu." HUBBARD also admitted to sending the first message from the computer labeled, "personaltrainer." HUBBARD then stated she and her friend did not notice any commotion outside Monroe Hall and she sent a second threatening message from her SPRINT cellular telephone, under the same email address.

18. HUBBARD did not remember the exact content that was in the email messages she sent. HUBBARD stated she looked on the internet to find the gun type that was described in the email. HUBBARD stated she did not intend to injure or kill anyone and thought the messages were more of a joke.

19. Based on the above, it is hereby alleged, EVELYN A. HUBBARD, transmitted a communication, specifically an email, which traveled in interstate or foreign commerce communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

/Special Agent Kevin C. Miller
Federal Bureau of Investigation

Sworn to and subscribed before me
this 9th day of December, 2011,
at New Orleans, Louisiana.

HONORABLE SALLY SHUSHAN
United States Magistrate Judge